[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2010
JOHN LEY
CLERK

_____

No. 09-12024

_____

D. C. Docket No. 08-80113-CR-KLR

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

CHRISTOPHER C. HAYES,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 16, 2010)

**ON PETITION FOR REHEARING**

Before BARKETT and MARCUS, Circuit Judges, and HOOD,[*] District Judge.

_____

   [*] Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

PER CURIAM:

Upon consideration of Defendant-Appellant's petition for panel rehearing, we vacate the prior opinion in this case, issued on September 8, 2010, and substitute the following opinion in its place. In this opinion, we replace an incorrect reference in the first paragraph of our original opinion to "possession of marijuana with intent to distribute" with "aggravated battery." We do not change the opinion in any other respect. Accordingly, Defendant-Appellant's petition for panel rehearing is granted.

Christopher Hayes appeals the enhanced sentence he received pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which imposes a mandatory minimum of fifteen years' imprisonment on an offender convicted of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), when that offender has three prior convictions "for a violent felony or a serious drug offense," id. § 924(e)(1). Hayes does not dispute that his criminal record contains two qualifying felonies -- attempted burglary of a dwelling and aggravated battery -- but argues that his convictions for "knowingly and willfully resist[ing] . . . an[] officer . . . in the lawful execution of a[] legal duty, by offering or doing violence to the person of such officer," Fla. Stat. § 843.01, and for battery on a law enforcement officer, Fla. Stat. §§ 784.03 & 784.07, are not "violent felonies" of the

2

kind that trigger ACCA's mandatory minimum for armed career criminals.

As an initial matter, the Supreme Court recently held that the Florida crime of battery on a law enforcement officer is not a qualifying crime under ACCA, Johnson v. United States, -- U.S. --, 130 S. Ct. 1265, 1271-72 (2010), rev'g United States v. Johnson, 528 F.3d 1318 (11th Cir. 2008), and so we must decide only whether Hayes's conviction for resisting an arresting officer with violence is a "violent felony" for purposes of ACCA. The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The government argues that the Florida crime of resisting an arresting officer with violence is a "violent felony" under either statutory subsection. We have no occasion to consider today whether the crime falls within subsection (B)(i), because we are satisfied that it falls well within the residual clause contained in subsection (B)(ii). Accordingly, we conclude that the district court did not error in enhancing Hayes's sentence pursuant to ACCA.

To determine whether a prior felony conviction falls within ACCA's residual clause, we interpret the crime of conviction using a categorical approach,

3

"read[ing] the face of the relevant statute itself to discern the crime as it is ordinarily committed." United States v. Harris, 608 F.3d 1222, 1227 (11th Cir. 2010) (quotations, citation marks, and original alterations omitted). We ask whether the crime is "similar in kind and in degree to the enumerated crimes" listed in subsection (B)(ii), namely, burglary, arson, and extortion. Id. (citation omitted). To that end, we ask whether the conduct inherent in the commission of the crime is "purposeful, violent and aggressive," Begay v. United States, 553 U.S. 137, 146 (2008), "or, whether it is a more passive crime of inaction, such as the failure to report to a penal institution or driving under the influence of alcohol," Harris, 608 F.3d at 1227 (citation omitted).

Florida's resisting arrest statute provides that "[w]hoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree." Fla. Stat. § 843.01. This offense falls squarely within ACCA's residual clause.

In this kind of case, we rely on "our own common-sense analysis of whether this conduct poses a serious potential risk of physical injury." United States v. Alexander, 609 F.3d 1250, 1257 (11th Cir. 2010). Common sense tells us emphatically that "[t]he act of resisting arrest poses a threat of direct confrontation

4

between a police officer and the subject of the arrest, creating the potential for serious physical injury to the officer and others." United States v. Wardrick, 350 F.3d 446, 455 (4th Cir. 2003).

Furthermore, the plain language of the statute reveals that the Florida crime of resisting arrest with violence is "purposeful, violent, and aggressive." Begay, 553 U.S. at 145. Commission of the crime requires, by its own terms, that the defendant have knowingly and willfully resisted, obstructed, or opposed an officer by offering or doing violence to the person of that officer. Fla. Stat. § 843.01. This crime thus shares with the other crimes enumerated in subsection (B)(ii) the element of purposeful violence and aggression.[1]

We have no difficulty concluding that one who commits the crime of resisting arrest by knowingly and willfully offering or doing violence to an arresting officer has committed a "violent felony" for purposes of ACCA, and that such a person is properly subject to ACCA's fifteen-year mandatory minimum sentence as an "armed career criminal." Cf. United States v. Almenas, 553 F.3d

---

[1] Inasmuch as the statute plainly requires that the defendant have acted knowingly and willfully, we reject Hayes's argument that § 843.01 is a strict liability offense that cannot qualify as a predicate felony under ACCA. Cf. United States v. Harris, 608 F.3d 1222, 1224 (11th Cir. 2010) (acknowledging "the holding of Begay v. United States, 553 U.S. 137, 143 (2008), that strict liability crimes are not 'roughly similar' to burglary, arson, extortion, or an offense involving the use of explosives and therefore do not come within the residual clause"). We add that the Florida Supreme Court has characterized the statute as a general intent crime, not a strict liability crime. See Frey v. State, 708 So. 2d 918, 921 (Fla. 1998).

5

27, 33-35 (1st Cir. 2009); Wardrick, 350 F.3d at 455.

**AFFIRMED**.