[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 11, 2012
JOHN LEY
CLERK

No. 11-11044
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00310-VMC-EAJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2012)

Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.

PER CURIAM:

Jermaine Brown appeals his 151-month sentence, imposed within the

applicable guideline range of 151 to 188 months, after pleading guilty to conspiring to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. This appeal presents the question of whether the district court correctly enhanced Brown's sentence under the career-offender guideline by treating his prior Florida conviction for resisting an officer with violence as a "crime of violence." For the reasons stated below, we affirm.

## I.

In preparing the presentence investigation report ("PSI"), the probation officer determined that Brown qualified for an enhanced guideline range as a "career offender," pursuant to U.S.S.G. § 4B1.1, because he had two prior felony convictions for either a "controlled substance offense" or a "crime of violence." Specifically, Brown had been previously convicted in New Jersey for conspiracy to distribute heroin, which constituted a controlled substance offense, and he had also sustained a conviction in Florida for resisting an officer with violence, which constituted a crime of violence.

Brown objected to the PSI on the ground that his Florida conviction was not a proper predicate for the career-offender enhancement because it was not a crime of violence under the Guidelines. The probation officer responded that, in *United*

*States v. Nix* (adopting *United States v. Hayes*),[1] this Court held that resisting an

officer with violence constitutes a "violent felony" under the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The probation officer noted that,

because the definitions of "violent felony" under the ACCA and "crime of

violence" under the Guidelines are substantially the same, and because *Nix* is

binding precedent, Brown's conviction qualified as a crime of violence. At the

sentencing hearing, the district court agreed with, and adopted, the probation

officer's response, finding that Brown's Florida conviction was properly used as a

predicate for the career-offender enhancement. Despite an appeal waiver in

Brown's plea agreement, the district court, with the government's consent, granted

him leave to appeal this finding.

## II.

We review *de novo* a district court's application and interpretation of the

Sentencing Guidelines. *United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir.

2003). To qualify for an enhanced sentence as a career offender, a defendant must,

among other things, have "at least two prior felony convictions of either a crime of

violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The relevant

---

[1] *United States v. Nix*, 628 F.3d 1341 (11th Cir. 2010), *cert. denied* (U.S. Oct. 3, 2011) (No. 11-5011); *United States v. Hayes*, 409 Fed. App'x 277 (11th Cir. 2010), *cert. denied* (U.S. Oct. 3, 2011) (No. 10-9621).

definition for the term "crime of violence" is found in § 4B1.2(a), which provides:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The definition of a crime of violence under § 4B1.2(a) is "virtually identical" to the definition of a violent felony in the ACCA, and, therefore, this Court applies a similar analysis in deciding whether a given offense qualifies as a crime of violence or a violent felony. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1783 (2011).[2]

Florida Statute § 843.01 provides: "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . by offering or doing violence to the person of such officer . . . , is guilty of a felony of the third degree." Fla. Stat. § 843.01. In interpreting the statute, the Florida Supreme Court held that "no heightened or particularized, i.e., no specific, intent is required for the commission

---

[2] As discussed below, we follow *Nix/Hayes* in concluding that Florida's resisting-with-violence offense qualifies as a crime of violence under the residual clause of § 4B1.2(a)(2). Accordingly, we find it unnecessary to consider whether that offense also contains as an element the use, attempted use, or threatened use of physical force, pursuant to § 4B1.2(a)(1).

of this crime, only a general intent to 'knowingly and willfully' impede an officer in the performance of his or her duties." *Frey v. State*, 708 So.2d 918, 920 (Fla. 1998).

In *Nix*, we held that a defendant's conviction for violating § 843.01 constituted a violent felony under the ACCA. *Nix*, 628 F.3d at 1342. We were persuaded by the rationale in the unpublished opinion of *Hayes* and adopted its holding. *Id.* In *Hayes*, applying the categorical approach, we concluded that a violation of § 843.01 "falls squarely within ACCA's residual clause" because it presents a serious potential risk of physical injury. *Hayes*, 409 Fed. App'x at 278-79. We reasoned: "Common sense tells us emphatically that the act of resisting arrest poses a threat of direct confrontation between a police officer and the subject of the arrest, creating the potential for serious physical injury to the officer and others." *Id.* at 279 (quotation and alteration omitted). Citing the Supreme Court's decision in *Begay v. United States*,[3] we further reasoned that a

_____

[3] *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). In *Begay*, the Supreme Court held that the term "violent felony" did not apply to "*every* crime that presents a serious potential risk of physical injury to another," but only to crimes that are "roughly similar, in kind as well as in degree of risk posed," to the examples listed in the ACCA, namely, burglary, arson, extortion, or crimes involving the use of explosives. *Id.* at 142-43, 128 S.Ct. at 1584-85 (quotation omitted). The Supreme Court stated that the enumerated crimes "all typically involve purposeful, violent, and aggressive conduct." *Id.* at 144-45, 128 S.Ct. at 1586 (quotations omitted). Strict liability crimes, however, such as driving under the influence, generally do not involve purposeful, violent, and aggressive conduct, and could be committed without "any criminal intent at all." *Id.* at 145, 128 S.Ct. at 1586-87. Therefore, the Court

violation of § 843.01 is "purposeful, violent, and aggressive," because the commission of the offense "requires, by its own terms, that the defendant have *knowingly* and *willfully* resisted, obstructed, or opposed an officer by *offering or doing violence* to the person of that officer." *Id.* Thus, the offense contained the same element of "purposeful violence and aggression" as the offenses enumerated in the ACCA, namely, burglary, arson, extortion, and use of explosives. *Id.* We rejected the defendant's argument that § 843.01 constituted a strict liability offense, noting that the Florida Supreme Court in *Frey* "has characterized the statute as a general intent crime, not a strict liability crime." *Id.* at 279 n.1.

There is no dispute that, pursuant to *Nix/Hayes*, Florida's resisting-with-violence offense constitutes a crime of violence under the Guidelines. *See Alexander*, 609 F.3d at 1253; *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."). Brown contends, however, that *Nix/Hayes* has been undermined to the point of abrogation by the recent Supreme Court decision in *Sykes v. United States*, 564 U.S. ___, 131 S.Ct. 2267, 180 L.Ed.2d 60

_____

concluded that New Mexico's crime of driving under the influence did not qualify as a violent felony under the ACCA. *Id.* at 148, 128 S.Ct. at 1588.

6

(2011).[4]

In *Sykes*, the Supreme Court held that an Indiana offense of knowingly or intentionally fleeing from a law enforcement officer in a vehicle constituted a violent felony under the residual clause of the ACCA. *Sykes*, 564 U.S. at __, 131 S.Ct. at 2270-77. In reaching this holding, the Supreme Court first compared vehicle flight to the enumerated offenses (burglary, extortion, arson, and use of explosives) and determined that vehicle flight is akin to arson and burglary because vehicle flight poses a danger of collateral damage to others and creates a risk of violent confrontation with the police. *Id.* at __, 131 S.Ct. at 2273-74. The Court then cited statistics regarding injuries from vehicle flight, arson, and burglary, and stated: "Although statistics are not dispositive, here they confirm the commonsense

---

[4] In his brief, Brown raises several additional arguments that do not warrant much discussion. First, he argues that, in addition to being overruled by *Sykes*, *Nix/Hays* has been overruled by the Supreme Court decisions in *Begay* and *Johnson v. United States*, 559 U.S. __, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). However, both of these cases were decided prior to *Nix/Hayes* and, therefore, could not have overruled it. *See United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006) (stating that a Supreme Court case decided prior to this Court's decision "cannot logically be said to overrule" this Court's decision). Second, several of Brown's arguments essentially challenge *Nix/Hays* on the ground that it was wrongly decided rather than overruled by *Sykes*. We need not address those arguments because we "cannot overrule a prior [panel]'s holding even though convinced it is wrong." *See United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (*en banc*). Finally, Brown notes that the district court erred in overruling his objection to the facts of his Florida conviction (that he punched an officer) because those facts came from a police report as opposed to the charging document. Because Brown makes no further arguments in this regard, he has waived the issue. *See United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006) ("We may decline to address an argument where a party fails to provide arguments on the merits of an issue.").

7

conclusion that Indiana's vehicular flight crime is a violent felony." *Id.* at __, 131 S.Ct. at 2274-75. The Court declined to conduct *Begay*'s "purposeful, violent, and aggressive inquiry" because risk levels provided "a categorical and manageable standard" for resolving the case. *Id.* at __, 131 S.Ct. at 2275-76. The Court explained that "*Begay* involved a crime akin to strict liability, negligence, and recklessness crimes; and the purposeful, violent, and aggressive formulation was used in that case to explain the result." *Id.* at __, 131 S.Ct. at 2276. Vehicle flight, however, was not a strict liability, negligence, or recklessness crime, but was similar in risk to the enumerated crimes, thereby qualifying as a violent felony within the ACCA's residual clause. *Id.*

Brown advances several specific arguments for why *Sykes* overrules *Nix/Hayes*. First, he argues that *Sykes* has exempted negligence and recklessness crimes from the application of the residual clause, whereas *Nix/Hayes* only exempted strict liability crimes. However, *Sykes* does not state that strict liability, negligence, or recklessness crimes always fall outside the scope of the residual clause. *See Sykes*, 564 U.S. at __, 131 S.Ct. at 2275-76. Instead, *Sykes* (read in conjunction with *Begay*) reflects the proposition that, if an offense has a *mens rea* of strict liability, negligence, or recklessness, that offense would only qualify as a crime of violence under the residual clause if it is purposeful, violent, and

aggressive, but if an offense has a knowing or intentional *mens rea*, then the *Begay* inquiry becomes redundant, and risk levels would provide a sufficient standard for making the crime-of-violence determination. *See id.* Because *Nix/Hayes* applied the *Begay* inquiry in addition to the risk-level inquiry, the *mens rea* of the resisting-with-violence offense does not affect *Nix/Hayes*'s holding, even if, as Brown suggests, that offense is a negligence or recklessness crime. *See Hayes*, 409 Fed. App'x at 278-79.

Brown further argues that *Nix/Hayes* was overruled because it improperly relied only on common sense to determine whether resisting an officer with violence posed a risk of injury to others. However, while *Sykes* used statistics in addition to common sense in analyzing the risk posed by vehicle flight, *Sykes* never stated that statistics must always be used in conducting a risk analysis or that a common-sense assessment of risk, by itself, is insufficient. *See Sykes*, 564 U.S. at __, 131 S.Ct. at 2274-75.

Finally, Brown contends that, unlike *Sykes*, this Court in *Nix/Hayes* did not identify the closest analogues among the enumerated crimes to the offense in question. It is true that *Nix/Hayes* did not specifically identify which of the enumerated crimes most closely resembled resisting an officer with violence. *See Hayes*, 409 Fed. App'x at 278-79. However, it did determine that the Florida

9

offense contained the same element of purposeful violence and aggression as the enumerated crimes. *Id.* at 279. Moreover, even though *Sykes* clarified the procedure to be followed in making a crime-of-violence determination, this altered procedure does not so conflict with the one used in *Nix/Hayes* as to render its holding invalid. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1237 (11th Cir. 2008) ("Even if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court with a basis for departing from its prior decision."). Because, pursuant to *Nix/Hayes*, Florida's offense of resisting an officer with violence constitutes a crime of violence under § 4B1.2(a), and because *Nix/Hayes* remains binding on this panel, we affirm.

**AFFIRMED.**