[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10753
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60228-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON AMUEL DEVO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2012)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Leon Amuel Devo, Jr. appeals his 180-month sentence after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Devo argues that the district court erred in sentencing him as an armed career criminal, because his prior felony conviction for resisting an officer with violence was not a violent felony under the Armed Career Criminal Act ("ACCA"). This Court reviews *de novo* whether a prior conviction is a violent felony for purposes of the ACCA. *United States v. McGill*, 618 F.3d 1273, 1274-75 (11th Cir. 2010).

The ACCA imposes a 15-year mandatory minimum sentence on an offender who has three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Devo does not contest that he had two prior drug convictions that qualify under the statute. His only argument is that his prior conviction in Florida for resisting arrest does not qualify as a "violent felony," and that he therefore is not subject to the ACCA mandatory minimum.[1]

---

[1] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

  (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Under Florida Statute § 843.01, it is a felony to "knowingly and willfully" resist, obstruct, or oppose "any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer." Fla. Stat. § 843.01. Under this Court's precedent, a conviction under this statute qualifies as a "violent felony" for purposes of the ACCA. *See United States v. Nix*, 628 F.3d 1341 (11th Cir. 2010), *cert. denied*, 132 S.Ct. 258 (2011) (adopting the rationale of *United States v. Hayes*, 409 F. App'x 277 (11th Cir. 2010) (unpublished), *cert. denied* 132 S.Ct. 125 (2011)).  In *Hayes*, we "ha[d] no difficulty concluding that one who commits the crime of resisting arrest by knowingly and willfully offering or doing violence to an arresting officer has committed a 'violent felony' for purposes of ACCA, and that such a person is properly subject to ACCA's fifteen-year mandatory minimum sentence as an 'armed career criminal.'"  *Hayes*, 409 F. App'x 277 at *6.

Devo argues that the *Nix* and *Hayes* decisions fail to apply the recent Supreme Court precedent, *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008).  In that case, the Supreme Court held that a conviction under New Mexico's driving under the influence (DUI) statute did not qualify as a "violent felony" for purposes of the ACCA because it was not similar enough in kind to the

---

Id. § 924(e)(2)(B).

3

enumerated felonies (burglary, arson, extortion and use of explosives).  However, Devo glosses over the central point in *Begay*: "that DUI does not fall within the scope of the Act's clause [because it] nowhere 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Begay*, 128 S. Ct. at 1584 (*citing* 18 U. S. C. §924(e)(2)(B)(I)).  In contrast, Florida courts have noted that a conviction under Florida's resisting arrest statute *does* require proof of such conduct or attempted conduct involving threatened or actual physical force with violence. *Walker v. State*, 965 So.2d 1281, 1283-84 (Fla. Dist. Ct. App. 2007).

Devo also argues that the residual clause in the ACCA is unconstitutionally vague because an ordinary person would not know what conduct the language references. He correctly points out that the ACCA's residual clause reads as follows: "or otherwise involves conduct  that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).  Because Devo did not raise this argument in the district court, we review it for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  Devo does not cite to any precedent holding that any specific ACCA provision, much less the entire statute, is unconstitutionally vague. Moreover, neither we nor the Supreme Court have ever held that the ACCA, or any of its sections, are unconstitutionally vague.

4

Accordingly, the district court did not plainly err in failing to find that the ACCA's residual clause was unconstitutionally vague.

**AFFIRMED.**