[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12092
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00305-SDM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

SAMUEL ALLEN SANDERS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 17, 2012)

Before BARKETT, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals Samuel Allen Sanders's sentence of 100 months'

imprisonment, for conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). In sentencing Sanders, the district court found that Sanders was not a career offender under the Sentencing Guidelines because Sanders's prior Florida conviction under Fla. Stat. § 843.01 for resisting a law enforcement officer with violence[1] was not a "crime of violence" for purposes of the career-offender enhancement. As a result, the court determined that Sanders did not qualify for a sentence enhancement pursuant to U.S.S.G. § 4B1.1.

On appeal, the government challenges the court's finding and insists that a violation of Fla. Stat. § 843.01 is a "crime of violence" under U.S.S.G. § 4B1.2. The government further emphasizes that we are bound by this Court's prior decision in United States v. Nix, 628 F.3d 1341 (11th Cir. 2010), which holds that a violation of Fla. Stat. § 843.01 is a "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"). Id. at 1342. Conversely, Sanders claims that the offense is not a "crime of violence" under U.S.S.G. § 4B1.2 in light of precedent from the Supreme Court, which, he argues, undermines the holding in Nix to the point of abrogation.

---

[1] Fla. Stat. § 843.01 makes it a felony to "knowingly and willfully resist[], obstruct[], or oppose[] any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer." Fla. Stat. § 843.01.

We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011). In doing so, we apply the same analysis to the Sentencing Guidelines' career offender enhancement as we do to the violent felony enhancement under the ACCA, id. at 1243 n.5; United States v. Whitson, 597 F.3d 1218, 1220 (11th Cir. 2010), even though the provisions differ slightly in their wording, compare U.S.S.G. § 4B1.2(a), with 18 U.S.C. § 924(e)(2)(B). Consequently, cases that address the classification of offenses as violent felonies under the ACCA inform our conclusion regarding whether such offenses qualify as crimes of violence under § 4B1.2(a). United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010).

The district court's determination that Sander's prior conviction for resisting arrest under Fla. Stat. § 843.01 did not qualify as a crime of violence was a reasonable conclusion under then-existing precedent, especially given Justice Scalia's recent observations about efforts to clarify what distinguishes "violent felonies" from non-violent ones under the ACCA. See Sykes v. United States, __ U.S. __, __,131 S. Ct. 2267, 2284 (2011) (Scalia, J., dissenting) ("As was perhaps predictable, instead of producing a clarification of the Delphic residual clause, today's opinion produces a fourth ad hoc judgment that will sow further

confusion. . . . We should admit that ACCA's residual provision is a drafting failure and declare it void for vagueness."). At the time of Sander's sentencing, the district court did not have the benefit of our decisions in <u>Nix</u> and <u>United States v. Hayes</u>, 409 F. App'x 277 (11th Cir. 2010).

In <u>Nix</u>, we held that a defendant's conviction for resisting a law enforcement officer with violence, in violation of Fla. Stat. § 843.01, constituted a predicate "violent felony" under the ACCA. 628 F.3d at 1342. In doing so, we adopted the reasoning of the Court in <u>Hayes</u>, which holds that § 843.01 is a "violent felony" under the ACCA's residual clause because it presents a serious potential risk of physical injury to another, and involves elements of purposeful violence and aggression. <u>Nix</u>, 628 F.3d at 1342; <u>see</u> <u>Hayes</u>, 409 F. App'x at 278–79.

Seeing no basis for distinguishing <u>Nix</u>, we conclude we are bound by it. <u>See United States v. Kaley</u>, 579 F.3d 1246, 1255 (11th Cir. 2009) (emphasizing that "[w]e may disregard the holding of a prior opinion only where that holding is overruled" or undermined to the point of abrogation "by the Court sitting en banc or by the Supreme Court" (quotation marks omitted)); <u>see also</u> <u>Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.</u>, 344 F.3d 1288, 1292 (11th Cir. 2003) ("Without a <u>clearly contrary</u> opinion of the Supreme Court or of this court sitting en banc, we

4

cannot overrule a decision of a prior panel of this court . . . ." (quotation marks omitted)). Even if, as Sanders points out, there is serious tension between <u>Nix</u> and recent Supreme Court case law, we may not disregard prior panel precedents as overruled or abrogated by the Supreme Court unless the conflicting Supreme Court decision is "clearly on point." <u>Id.</u> (quotation marks omitted); <u>see also</u> <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1237 (11th Cir. 2008) (explaining that "[f]or the Supreme Court to overrule a case, its decision must have actually overruled or conflicted with this court's prior precedent," and that "[e]ven if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court with a basis for departing from its prior decision" (quotation marks omitted)). Under these constraints, we have little choice but to vacate the district court's decision and remand for resentencing in light of this Court's decision in <u>Nix</u>.[2]

Although we reverse this case and remand for resentencing, we express no opinion as to the reasonableness of the ultimate sentence imposed by the district court, which is in a superior position to evaluate all of the relevant sentencing

---

[2] Given that our holding in <u>Nix</u> decides the issue, we do not address the government's argument that violation of Fla. Stat. § 843.01 is also a "crime of violence" under the elements clause of the Sentencing Guidelines' career-offender enhancement.

factors under 18 U.S.C. § 3553(a), of which the Sentencing Guidelines are only one part.

**VACATED AND REMANDED.**