[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13064
Non-Argument Calendar

_____

D.C. Docket No. 7:10-cr-00033-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREEMAN MITCHELL MORRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 15, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Freeman Mitchell Morris appeals his 210-month sentence of imprisonment,

at the bottom of the applicable advisory guidelines range, imposed after a jury

found him guilty of one count of possession with intent to distribute 3,4 methylenedioxy-methamphetamine, also known as MDMA or Ecstacy ("MDMA"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[1]  On appeal, Morris argues for the first time that the district court erred in enhancing his sentence under the career-offender guideline.  Morris further contends that his sentence was substantively unreasonable.

## I.

Morris argues that the district court erred when it sentenced him as a career offender under U.S.S.G. § 4B1.1, which enhanced his applicable guidelines sentencing range from 110 to 137 months to 210 to 240 months.  He claims that the district court incorrectly determined that his previous convictions for battery on a law enforcement officer and obstructing a law enforcement officer were "crimes of violence."  He urges that remand is additionally proper because the court below did not specify under which clause of U.S.S.G. § 4B1.2 these offenses qualified and failed to conduct its analysis pursuant to the modified categorical approach.

---

[1]    More specifically, the jury concluded that Morris possessed with the intent to distribute 520.18 grams of benzylpiperazine ("BZP") and 28.26 grams of a mixture of MDMA and BZP.

Whether a particular conviction is a "crime of violence" under the career-offender provision of the Sentencing Guidelines is ordinarily a question of law that we review *de novo*.  United States v. Pantle, 637 F.3d 1172, 1174 (11th Cir. 2011).  However, where, as here, the defendant failed to object to his prior convictions being designated crimes of violence, we review that aspect of the sentencing calculation for plain error.[2]  Id.

The career-offender provisions of the Sentencing Guidelines provide that a defendant is a career offender if, among other requirements, he has two prior felony convictions involving either a crime of violence or a controlled substance

---

[2]    The doctrine of invited error arguably applies here.  See United States v. Brannan, 562 F.3d 1300, 1306-07 (11th Cir. 2009) (explaining that when a party induces or invites a district court to commit error, this Court is precluded from reviewing that error on appeal).  Morris's counsel not only failed to object in the court below, but also expressly agreed that Morris's prior convictions qualified as crimes of violence.  See, e.g., District Court order, Docket No. 49 at 2 ("The two priors are Battery on a Law Enforcement Officer and Obstruction of Officer. *These offenses are crimes of violence*, but neither offense involved a weapon nor did the officers sustain injuries.") (emphasis added); District Court order, Docket No. 69 at 5-6; see also Appellant's Br. at 9 ("[Defense] Counsel argued that though Mr. Morris's prior convictions for battery on a law enforcement officer and obstruction of an officer . . . fall under the broad crimes of violence definition for career offender purposes, each nevertheless over-represents the seriousness of his criminal history . . . .").  Nevertheless, out of an abundance of caution, and because neither party has addressed the invited error doctrine, we apply plain error.

Under plain error review, a challenging party must show there is "(1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceeding."  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotations and citation omitted).  "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

3

offense.  U.S.S.G. § 4B1.1(a).  The career-offender enhancement changes the

applicable base offense level and the criminal history category, usually resulting in

an increased guidelines imprisonment range.  See § 4B1.1(b).

> Under § 4B1.2 of the guidelines, any state or federal offense that is punishable by more than one year of imprisonment can be a crime of violence if it fits within one of three categories.  The first category includes crimes that have "as an element the use, or threatened use of physical force against the person of another . . . ."  U.S.S.G. § 4B1.2(a)(1).  The second category includes the enumerated crimes of "burglary of a dwelling, arson, or extortion" and those involving the "use of explosives."  § 4B.1.2(a)(2).  The third category, sometimes referred to as residual clause crimes, includes those that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."  Id.

United States v. Chitwood, 676 F.3d 971, 977 (11th Cir. 2012).

We generally employ the categorical approach to determine whether a crime

is a crime of violence.  United States v. Alexander, 609 F.3d 1260, 1253-54 (11th

Cir. 2010).  "[W]e consider the offense generically . . . in terms of how the law

defines the offense and not in terms of how an individual offender might have

committed it on a particular occasion."  Begay v. United States, 553 U.S. 137, 141,

128 S. Ct. 1581, 1584 (2008).[3]  However, if this analysis is ambiguous, or where

---

[3]    In analyzing whether a conviction is a crime of violence, we can rely on cases interpreting the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because this Court has repeatedly read the definition of "violent felony" under the ACCA as "virtually identical" to the definition of "crime of violence" under § 4B1.2.  See United States v. Archer, 531 F.3d 1347, 1350 n.1, 1352 (11th Cir. 2008).

4

"the crime for which the defendant was convicted encompasses both conduct that constitutes a crime of violence and conduct that does not," we use the modified categorical approach.  United States v. Beckles, 565 F.3d 832, 842-44 (11th Cir. 2009); see also Johnson v. United States, --- U.S. ---,---, 130 S. Ct. 1265, 1273 (2010).  Under this approach, a court may conduct a limited review of so-called Shepard materials to determine if the offense is a crime of violence.  See Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005).  If the conviction is based on a guilty plea, courts may look to the statutory definition, the terms of the charging document, the terms of a written plea agreement or transcript of plea colloquy in which the defendant confirmed the factual basis for the plea, or explicit factual findings by the judge to which the defendant assented.  Id.

**A. Battery on a Law Enforcement Officer**

Under Florida law, when a simple battery is committed on a law enforcement officer, it becomes the separate offense of battery on a law enforcement officer.  An individual commits the Florida offense of battery when he (1) "[a]ctually and intentionally touches or strikes another person against the will of the other," or (2) "[i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a).  This offense is ordinarily a first-degree misdemeanor, id.

5

§ 784.03(1)(b), but is elevated to a third-degree felony if it is committed on a law-enforcement officer, id. § 784.07(2)(b).

Morris's argument hinges on this Court's decision in United States v. Williams, 609 F.3d 1168 (11th Cir. 2010).  The thrust of that decision is that "the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria as defined under the 'physical force' subdivision of section 4B1.2(a)(1) of the sentencing guidelines." Id. at 1169-70.  In Williams, we explained that, pursuant to Florida's battery statute, a person commits a battery by engaging in any of the following acts:  "actually and intentionally touch[ing]," "intentionally caus[ing] bodily harm," or "intentionally str[iking]" the victim. Id. at 1170.  Significantly, however, there was "no evidence in the record, that we [could] consider . . . to clarify under which" prong of the battery statute Williams had been convicted; that is, the battery conviction could have been based on nothing more than the mere touching of an officer.[4] Id.  Accordingly, to the extent the district court found that

---

[4]    The Williams decision relied upon Johnson, wherein the Supreme Court interpreted the phrase "physical force" in the ACCA to "mean[] *violent* force—that is, force capable of causing physical pain or injury to another person."  130 S. Ct. at 1271.  Johnson holds that a Florida battery conviction could not be categorically labeled as a "violent felony" because the offense required only slight, incidental physical contact.  See id. at 1269, 1274.  The Court declined to consider whether the battery conviction would have qualified under the residual clause; evidently, "[t]he Government did not keep this option alive because it disclaimed at sentencing any reliance upon [that] clause." Id. at 1274.

6

the battery on an officer was a crime of violence under the "physical force" clause, we set aside the district court's career-offender designation and remanded for a new sentencing.  Id.

However, as the Government posits, battery on a law enforcement officer has the potential to create a confrontation leading to violence, thereby arguably qualifying as a crime of violence under the residual clause.[5]  At least two of our sister circuits that have addressed similar battery on an officer offenses have held that they qualify under the residual clause because they involve a sufficient potential risk of serious injury and confrontation.  See, e.g., United States v. Williams, 559 F.3d 1143, 1149 (10th Cir. 2009) (holding that Oklahoma conviction for battery on a police officer qualified as a crime of violence under

---

[5]    We note that the only information available regarding Morris's battery on an officer conviction comes from paragraph 37 of his Presentence Investigation Report (PSI), which provides that Morris "swung at one of the officers with a closed fist and struck another officer about the face," and that he had to be tackled by an officer because he was resisting arrest. Because of the statutory ambiguity and because Morris did not object to the PSI's factual account, under the modified categorical approach, the district court likely could have relied on these facts—that were undisputed and deemed admitted—to find that the battery on a law enforcement officer conviction was a crime of violence under the "physical force" clause. See United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006) (stating that "challenges to the facts contained in the PSI must be asserted with specificity and clarity" and holding that "the district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA"); see also United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009) (explaining that "where ambiguity exists and the underlying conviction may be examined," in addition to Shepard materials, the district court "also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented").

7

§ 4B1.2(a)'s residual clause because, *inter alia*, "[s]uch battery involves an overt act against the police officer—thereby not only *initiating* a confrontation, but risking a serious escalation in violence"); United States v. Dancy, 640 F.3d 455, 469-70 (1st Cir. 2011) (concluding that Massachusetts conviction of assault and battery on an officer qualified under the residual clause of the ACCA, because it "nearly always poses a serious risk of actual or potential physical force and the likelihood of physical injury," and because the serious risk of injury is heightened by the fact that "law enforcement officers usually carry weapons when on duty") (quotations omitted).  In any event, Morris has cited no binding precedent from the Supreme Court or this Court resolving this issue.  See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  The district court did not commit plain error in finding Morris's conviction for battery on a law enforcement officer constituted a crime of violence for purposes of U.S.S.G. § 4B1.1.

## B. Obstruction of a Law Enforcement Officer

The Georgia felony offense for obstructing or hindering a law enforcement officer is defined in pertinent part as follows:  "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony."  O.C.G.A. § 16-10-24(b).  The Court of Appeals

8

of Georgia has confirmed that "offering to do violence" or "doing violence to the person of such officer" is an element of the offense, and the statute implies "forcible resistance." Fairwell v. Georgia, 717 S.E.2d 332, 338 (Ga. Ct. App. 2011).

We recently held that a similarly worded offense for resisting an officer with violence, in violation of Fla. Stat. § 843.01, constituted a violent felony for purposes of the ACCA.[6] See United States v. Nix, 628 F.3d 1341, 1341-42 (11th Cir. 2010). In Nix, we expressly adopted the rationale set forth in our unpublished opinion in United States v. Hayes, 409 Fed. App'x 277, 278-79 (11th Cir. 2010). 628 F.3d at 1342. Significantly, in Hayes, we concluded that a violation of § 843.01 "falls squarely within ACCA's residual clause."[7] 409 Fed. App'x at 278-79. We reasoned that common sense dictates that the act of resisting arrest "poses a threat of direct confrontation between a police officer and the subject of the arrest, creating the potential for serious physical injury to the officer and others." Id. at 279 (quoting United States v. Wardrick, 350 F.3d 446, 455 (4th Cir. 2003)).

---

[6]    That Florida statute provides:  "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . is guilty of a felony . . . ."  Fla. Stat. § 843.01.

[7]    The Hayes panel did not reach the question of whether the Florida offense would additionally qualify as a violent felony under the "use of force" clause, because it was "satisfied that it falls well within the residual clause."  409 Fed. App'x at 278.

9

Noting that the statute's plain language made clear that the offense of resisting arrest with violence is "purposeful, violent, and aggressive," we had "no difficulty concluding that one who commits the crime of resisting arrest by knowingly and willfully offering or doing violence to an arresting officer has committed a 'violent felony' for purposes of ACCA." Id.

Nix cannot be distinguished on the basis of the statutory language analyzed, as the text of the Florida statute at issue there was nearly identical to that of the Georgia statute in the instant case. Both provisions require that a defendant "knowingly and willfully resist[], obstruct[], or oppose[]" an officer "by offering or doing violence to the person of such officer." O.C.G.A. § 16-10-24(b); Fla. Stat. § 843.01. Although we need not rule definitively, pursuant to Nix, Morris's obstruction of an officer conviction would likely qualify as a crime of violence under § 4B1.2(b)'s residual clause.[8] Equally important, Morris cites no binding

---

[8]    We reject Morris's position that Nix improperly relied only on common sense, and not statistical data, to determine whether the offense posed a risk of injury. See United States v. Chitwood, 676 F.3d 971, 981 (11th Cir. 2012) (explaining that, even though "the Supreme Court and this Court have relied on statistics when determining whether offenses are crimes of violence . . . we have never held that statistical evidence is required," and "when, as here, we are without the benefit of empirical evidence, we rely on our own common-sense analysis of whether [the] conduct poses a serious potential risk of physical injury") (quotations omitted). Morris's argument that Nix was otherwise wrongly decided does not warrant extended discussion. Under the prior panel precedent rule, we are bound by Nix "unless and until it is overruled by this court en banc or by the Supreme Court." United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003). Finally, even assuming Nix is not technically binding with respect to the instant analysis, Morris would still be unable to demonstrate plain error.

10

precedent to the contrary.  See Lejarde-Rada, 319 F.3d at 1291.[9]  We discern no plain error in the district court's designation of the obstruction of a law enforcement officer conviction as a crime of violence.

In sum, the district court did not plainly err when it classified the battery of a law enforcement officer conviction and the obstruction conviction as crimes of violence for Morris's career-offender enhancement.  Nor did the district court commit plain error by failing to specify under which clause of § 4B1.2(a) Morris's prior convictions qualified as crimes of violence or by failing to perform a modified categorical analysis.  Even assuming there was error that was plain, Morris cannot show a reasonable probability of a different outcome because—for the reasons set forth above—both predicate convictions would likely qualify as crimes of violence under at least one of the clauses of § 4B1.2(a).

II.

---

[9]    It is further possible that the obstruction conviction could qualify as a crime of violence under the "physical force" clause.  We emphasize that the offense includes as an element the use or threatened use of violence.  See O.C.G.A. § 16-10-24(b) (requiring that an individual resist, obstruct, or oppose an officer "by offering or doing violence to the person of such officer"); Stryker v. State, 677 S.E.2d 680, 682 (Ga. Ct. App. 2009) (stating that misdemeanor obstruction "no longer contains the element of violence as does the offense of felony obstruction") (quotations omitted).  Notably, the parties have not cited, and our research has not revealed, binding authority on the issue of whether this element meets the standard set forth in Johnson, requiring the use or threatened use of "violent force . . . capable of causing physical pain or injury."  See 130 S. Ct. at 1271.

Morris also argues that his 210-month sentence of imprisonment, imposed at the low end of the career-offender-adjusted applicable guideline range, was substantively unreasonable.  He posits that the court did not adequately consider evidence regarding his troubled childhood and the nature of the predicate convictions resulting in his career offender status, rendering a sentence that was greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

We review the final sentence imposed by the district court for reasonableness, under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  "The party challenging the sentence bears the burden of showing that it was unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  The "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations omitted).  Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  United States v. Hunt, 526

12

F.3d 739, 746 (11th Cir. 2008).  We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotations omitted).

We hold that the district court did not impose a substantively unreasonable sentence.[10]  While the mitigating factors presented by Morris may have allowed the district court to vary downward from the applicable guideline range, nothing required it to do so here.  Morris has failed to show that the sentence imposed, at the low end of the career-offender-enhanced guideline range, was outside the reasonable range of sentences dictated by the facts of the case.

AFFIRMED.[11]

---

[10]    Morris characterizes his position on appeal as a substantive, as opposed to a procedural, challenge to the reasonableness of his sentence.  Nevertheless, he suggests—in passing—that the record reveals that the district court ignored certain mitigating arguments and § 3553(a) factors.  "[W]e cannot say that the court's failure to discuss this mitigating evidence means that the court erroneously ignored or failed to consider this evidence in determining [Morris's] sentence."  United Statse v. Amedeo, 487 F.3d 832, 833 (11th Cir. 2007).  The district judge was not required to discuss or explicitly state on the record each § 3553(a) factor.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

[11]    Morris's request for oral argument is DENIED.