[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16092
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00305-SDM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL ALLEN SANDERS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 6, 2013)

Before CARNES, Chief Judge, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Mr. Samuel Sanders appeals his sentence of 100-months imprisonment for conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii).  We previously vacated Sanders's original sentence and remanded for resentencing.[1]  See United States v. Sanders, 461 F. App'x 854 (11th Cir. 2012), cert. denied, 133 S. Ct. 387 (2012). At his resentencing, Sanders was classified as a career offender under United States Sentencing Guidelines (USSG) § 4B1.1 based upon two prior felony convictions committed when he was seventeen years old: (1) resisting a law enforcement officer with violence on March 1, 2003, a violation of Fla. Stat. § 843.01 and (2) felony fleeing or attempting to elude on July 12, 2003, a violation of Fla. Stat. § 316.1935(3).  Sanders concedes that these prior convictions are

---

[1] Sanders was originally sentenced to 100-months imprisonment, after the district court concluded that he was not a career offender.  Following the government's appeal, this Court concluded that one of Sanders's previous crimes, resisting a law enforcement officer with violence, counted as a predicate offense for the career offender enhancement, so we vacated the sentence and remanded for resentencing. Sanders, 461 F. App'x at 855–56.  The district court then sentenced Sanders as a career offender, but granted the government's motion for a sentence reduction based on Sanders's substantial assistance.  As a result, Sanders received the same 100-month term of imprisonment at his resentencing.

qualifying predicate offenses under this Court's precedent.[2]  Nonetheless, Sanders argues he was improperly sentenced as a career offender for two reasons.

First, he argues that his two previous convictions were incorrectly counted as predicate offenses for his career offender status because they were youthful convictions.  Second, he contends that the residual clause found in both the Armed Career Criminal Act (ACCA) sentencing enhancement and the career offender sentencing enhancement is unconstitutionally vague.  The government counters that Sanders's prior offenses were adult convictions for the purposes of the career offender enhancement because Sanders was charged as an adult and, under Florida law, his youthful offender sentence is actually an adult sanction.  The government also responds that this Court rejected Sanders's vagueness argument in United States v. Gandy, 710 F.3d 1234 (11th Cir. 2013).  After careful consideration, we affirm Sanders's sentence.

I.

---

[2] See United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010) (holding that resisting an officer with violence, in violation of Fla. Stat. § 843.01, and fleeing and eluding at high speed, in violation of Fla. Stat. § 316.1935(3) are violent felonies under the Armed Career Criminal Act (ACCA)); United States v. Harris, 586 F.3d 1283, 1284–85 (11th Cir. 2009) (holding that fleeing and eluding at high speed, in violation of Fla. Stat. § 316.1935(3), is a "crime of violence" under the career offender enhancement, § 4B1.1).  "Considering whether a crime is a violent felony under the ACCA is similar to considering whether a conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2(a) because the definitions for both terms are virtually identical."  United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010) (quotation marks omitted).

Sanders stresses that § 4B1.2 defines a "prior felony conviction" for purposes of the sentencing enhancement as "a prior <u>adult</u> federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." USSG § 4B1.2, comment. (n.1) (Nov. 2012) (emphasis added). Recognizing that "[a] conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted," <u>id.</u>, Sanders argues that his prior convictions were not adult offenses under Florida law because they were classified as youthful offender convictions.

"We review a district court's application and interpretation of the sentencing guidelines <u>de novo</u>." <u>United States v. Norris</u>, 452 F.3d 1275, 1280 (11th Cir. 2006). "To determine whether a defendant was convicted as an adult, we look to the nature of the proceedings, the sentences received, and the actual time served." <u>United States v. Wilks</u>, 464 F.3d 1240, 1242 (11th Cir. 2006) (quotation marks omitted). Thus, even when a defendant is convicted as a youthful offender, the crime counts as a predicate offense when the defendant "was otherwise treated as an adult criminal, and he was sentenced to term of imprisonment exceeding one year and one month." <u>Id.</u> at 1243. Sanders was treated as an adult criminal because he was certified to the adult court system before being convicted of both offenses. Although he was initially sentenced to thirty-six months of probation, he

4

violated the terms of his probation, and was then sentenced to over fourteen months in Florida state prison.[3] Thus, we conclude that Sanders's two predicate offenses were adult convictions for purposes of the sentencing enhancement.[4]

## II.

As noted, Sanders concedes that this Court has recognized that his two prior convictions are predicate offenses for career offender status. He argues instead that the residual clause found in the ACCA should be void for vagueness. He similarly argues that the residual clause in the career offender guideline enhancement should be void for vagueness because "there is no predictable, consistent, or fair definition that can be applied to the residual clause." Sanders asks that we remand for resentencing without the career offender enhancement.

---

[3] Although Sanders's original sentence did not include a term of imprisonment, we consider his initial sentence together with "any term of imprisonment imposed upon [probation] revocation" in calculating his sentence for purposes of the sentencing enhancement. See USSG § 4A1.2 ("In the case of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation."); USSG § 4B1.2, comment. (n.3) ("The provisions of § 4A1.2 . . . are applicable to . . . § 4B1.2.").

[4] Sanders contends that this Court erred in three precedential decisions, Wilks, 464 F.3d 1240; United States v. Spears, 443 F.3d 1358 (11th Cir. 2006); and United States v. Pinion, 4 F.3d 941 (11th Cir. 1993), all of which concluded that youthful offender convictions under state law may be used as predicate offenses. Specifically, Sanders notes that one of the several authorities that we relied upon in Pinion is a case from the First Circuit, which is no longer good law in the First Circuit. From this, Sanders argues that our holdings in Pinion, Wilks, and Spears are "mistaken[]." This argument is unavailing as Pinion, Wilks, and Spears remain binding precedent in this Circuit.

We reject this argument.[5]  As we explained in Gandy, the residual clause "is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits."  710 F.3d at 1239 (quotation marks omitted).  Although the residual clause[6] is "at times difficult for courts to implement," it nevertheless "constitutes an intelligible principle that provides guidance that allows a person to conform his or her conduct to the law."  Id. (quotation marks and alteration omitted).  Because we have concluded that the residual clause is not unconstitutionally vague, Sanders's argument fails.

### III.

For these reasons, we affirm the district court's sentence.

**AFFIRMED**.

---

[5]  "[T]he district court's decision to classify a defendant as a career offender pursuant to U.S.S.G. § 4B1.1 is a question of law that we . . . review de novo." United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006).  The government notes that Sanders raises the vagueness argument for the first time on appeal, implicitly suggesting that we should review for plain error.  See United States v. Maurice, 69 F.3d 1553, 1556 (11th Cir. 1995) (When "a party fails to make a specific objection at the sentencing hearing after being given an opportunity to do so by the district court," we review for plain error).  Because we conclude that Sanders's argument fails under the more stringent de novo standard, we need not consider this issue.

[6] The residual clauses for the ACCA enhancement and the career offender enhancement are "identical; they classify as violent any felony that otherwise involves conduct that presents a potential risk of physical injury to another." Alexander, 609 F.3d at 1253 (quotation marks omitted).