[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15407
_____

D.C. Docket No. 2:09-cr-00030-CEH-SPC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEDRICK D. GANDY,
a.k.a. Dedric Gandy,
a.k.a. Detrick Derrick Gandy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 27, 2013)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Dedrick Gandy appeals his 180-month sentence for possessing a firearm and ammunition after having been convicted of at least three violent felonies.  On appeal, Gandy argues that he should not have been sentenced under the Armed Career Criminal Act ("ACCA"), as codified at 18 U.S.C. § 942(e), because the government failed to meet its burden of establishing that his conviction labeled aggravated assault on a law enforcement officer and his conviction labeled burglary of a structure were qualifying offenses using Shepard[1]-approved documents.  Gandy also asserts that, even if the conviction labeled aggravated assault on a law enforcement officer could be considered a predicate offense under the ACCA, it was nonetheless error for the sentencing court to rely on that conviction because it was not alleged in the indictment.  Finally, he argues that the district court erred by sentencing him to 15 years' imprisonment after the prosecutor and the magistrate judge misrepresented the possible penalties he was facing.

Upon careful review and consideration of the parties' briefs, we affirm.

**I.**

We review de novo whether a conviction qualifies for the purpose of applying the ACCA to enhance a defendant's sentence.  United States v. Day, 465

---

[1]    Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005).

F.3d 1262, 1264 (11th Cir. 2006).  Under the ACCA, an individual convicted

under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if

that individual has three previous federal or state convictions "for a violent felony

or a serious drug offense, or both, committed on occasions different from one

another."  18 U.S.C. § 924(e)(1).  Section 924(e) defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one
> year, or any act of juvenile delinquency involving the use or
> carrying of a firearm, knife, or destructive device that would be
> punishable by imprisonment for such term if committed by an
> adult, that–
>
> (i) has as an element the use, attempted use, or threatened use of
> physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or
> otherwise involves conduct that presents a serious potential risk
> of physical injury to another.

Id. § 924(e)(2)(B).  The residual clause of § 924(e)(2)(B)(ii) encompasses any

crime in which "the risk posed . . . is comparable to that posed by its closest

analog among the enumerated offenses."  James v. United States, 550 U.S. 192,

203, 127 S. Ct. 1586, 1594 (2007).

The district court found that three predicate offenses had been established to

sentence Gandy under the ACCA: (1) aggravated assault on a law enforcement

officer, in violation of Fla. Stat. § 784.07; (2) robbery, in violation of Fla. Stat. §

3

812.13; and (3) burglary of a structure, in violation of Fla. Stat. § 810.02. As relevant to this appeal, the district court also addressed Gandy's 2001 conviction for fleeing or attempting to elude a law enforcement officer in violation of Fla. Stat. § 316.1935(2)[2] and held that it was bound by precedent in this Circuit to hold that this crime was not a predicate offense "until such time as the 11th Circuit recedes from [this holding] or the Supreme Court expressly overrules [this precedential case]."

Although we rely on different grounds than the district court, we hold, after thorough review of the record, that the district court did not err in sentencing Gandy under the ACCA.

## A.  Aggravated Assault

Gandy does not dispute that the Florida crime of aggravated assault on a law enforcement officer is a violent felony. Rather, he argues that, because the information and certified judgment of conviction cited only a sentence enhancement provision (Fla. Stat. § 784.07) and did not cite the substantive provision of the aggravated assault statute, the government has not sufficiently proven that his conviction was for that particular crime. However, the district court correctly concluded that the omission of an express citation to Fla. Stat. §

---

[2]     For shorthand, we refer to this offense as "simple vehicle flight."

784.021 (the substantive provision creating the crime of aggravated assault) was "not fatal" because the information and certified final judgment of conviction establish that Gandy had pleaded guilty to aggravated assault on a law enforcement officer, a violent felony under the ACCA. The certified final judgment indicated that Gandy had pleaded nolo contendere to aggravated assault of a law enforcement officer, in violation of Fla. Stat. § 784.07. This was the same specific offense charged in the information, and therefore the district court properly relied on the information to determine the nature of his offense. The language in the information tracked the language of Fla. Stat. §§ 784.011 (assault) and 784.021 (aggravated assault), making it clear that Gandy's conviction was for aggravated assault. The information charged that Gandy did

> knowingly commit an assault upon a law enforcement officer . . . by threatening by word or act to do violence to said officer, coupled with an apparent ability to do so, and by doing an act which created a well-founded fear in said officer that said violence was imminent, by attempting to strike him with a deadly weapon, to wit: an automobile.

The information clearly established that Gandy was convicted of an ACCA predicate offense, or, in other words, that Gandy was convicted of a felony that had as "an element the use, attempted use, or threatened use of physical force against the person or property of another." See 18 U.S.C. § 924(e)(2)(B)(i). The

5

district court did not err in finding that this conviction was a predicate offense under the ACCA.[3]

## B. Robbery

On appeal, Gandy does not challenge the district court's finding that robbery, in violation of Fla. Stat. § 812.13, is a predicate offense under the ACCA. Accordingly, we affirm the district court's finding that this conviction was a predicate offense.

## C. Simple Vehicle Flight

Although not relied on by the district court as a predicate offense, "we may affirm 'for any reason supported by the record, even if not relied upon by the district court.'" See United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008) (quoting Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1284 (11th Cir. 2007)). That is especially true where, as here, "the alternative route for affirming does not require facts that remain to be found by the district court." United States v. Chitwood, 676 F.3d 971, 976 (11th Cir.) (ACCA case),

---

[3] Gandy also argues that, even if his conviction for aggravated assault on a law enforcement officer is a predicate offense under the ACCA, it was error for the district court to rely on that conviction because it was not alleged in the indictment. As Gandy concedes, this argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222 (1998). "[W]e are bound to follow Almendarez-Torres unless and until the Supreme Court itself overrules that decision." United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001).

cert. denied, 133 S. Ct. 288 (2012).  Subsequent case law instructs us that Gandy's 2001 conviction for simple vehicle flight in violation of Fla. Stat. § 316.1935(2) is a predicate offense under the ACCA.

At the time of Gandy's sentencing, this Court had held that a state conviction under Fla. Stat. § 316.1935(2) was not a violent felony under the ACCA.  See United States v. Harrison, 558 F.3d 1280, 1296 (11th Cir. 2009), abrogated by Sykes v. United States, __ U.S. __, 131 S. Ct. 2267 (2011), as recognized in United States v. Petite, 703 F.3d 1290, 1297 (11th Cir. 2013).  At sentencing, the district court recognized that the Supreme Court's decision in Sykes v. United States, __ U.S. __, 131 S. Ct. 2267 (2011), significantly called our holding in Harrison into question, but the district court was "of the opinion that it is still bound by the Harrison decision until such time as the 11th Circuit recedes from it or the Supreme Court expressly overrules Harrison."

After Gandy's sentencing, this Court expressly held that the Supreme Court in Sykes had abrogated our holding in Harrison.  See United States v. Petite, 703 F.3d 1290, 1297 (11th Cir. 2013).[4]  As in Petite and Harrison, Gandy had a prior

---

[4]    Fla. Stat. § 316.1935(2) was identically worded at the time of Gandy's conviction and at the time of the appellant's conviction in Petite.

7

conviction for simple vehicle flight (Gandy's 2001 conviction).[5]  We held in Petite that simple vehicle flight in violation of Fla. Stat. § 316.1935(2) qualifies as a violent felony under the residual clause of § 924(e)(2)(B)(ii).  Id. at 1301.  This Court in Petite addressed and rejected all the arguments (except one) raised by Gandy in challenging his conviction for simple vehicle flight as a qualifying predicate crime for ACCA purposes.  We now address the one additional argument raised by Gandy.

Gandy argues that the residual clause in the ACCA is unconstitutionally vague.  We reject this contention, however, as the Supreme Court has already determined that the residual clause, although at times "difficult for courts to implement," falls "within congressional power to enact" and constitutes "an intelligible principle [that] provides guidance that allows a person to 'conform his or her conduct to the law.'"  Sykes, __ U.S. at __, 131 S. Ct. at 2277 (citations omitted); see also James, 550 U.S. at 210 n.6, 127 S. Ct. at 1598 n.6 ("While ACCA requires judges to make sometimes difficult evaluations of the risks posed by different offenses, we are not persuaded by Justice SCALIA's suggestion [in

---

[5]    This Court in Petite distinguished simple vehicle flight (Fla. Stat. § 316.1935(2)) from "aggravated vehicle flight" (Fla. Stat. § 316.1935(3)).  See id. at 1293 (distinguishing "simple vehicle flight" from "aggravated vehicle flight," the latter involving an attempt to elude a law enforcement officer in a patrol car by driving at high speeds or otherwise with wanton disregard for safety (a second degree felony) or doing same and causing serious bodily injury or death to another person (a first degree felony)).

dissent] . . . that the residual provision is unconstitutionally vague. The statutory requirement that an unenumerated crime 'otherwise involv[e] conduct that presents a serious potential risk of physical injury to another' is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits." (citations omitted)); Chitwood, 676 F.3d at 978 n.3 (referring to the above quoted provision from the majority opinion in Sykes and stating in dicta: "That position appears to foreclose a conclusion, at least by a lower federal court such as our own, that the residual clause is unconstitutionally vague").

This conclusion—i.e., that the residual clause of the ACCA is not unconstitutionally vague—is consistent with the conclusions of all of our sister circuits that have recently addressed the issue. See United States v. Cowan, 696 F.3d 706, 708-09 (8th Cir. 2012) (holding the residual clause in U.S.S.G. § 4B1.2 is not unconstitutionally vague because, inter alia, "the Supreme Court twice has rejected arguments that a nearly identically worded residual clause in the ACCA was unconstitutionally vague"); United States v. Hart, 674 F.3d 33, 41 n.3 (1st Cir.), cert. denied, 133 S. Ct. 228 (2012); United States v. Jones, 689 F.3d 696, 704-05 (7th Cir. 2012), cert. denied, 133 S. Ct. 895 (2013); United States v. Taylor, 696 F.3d 628, 633 (6th Cir. 2012) ("[T]he Supreme Court has twice stated that the statute is sufficiently definite [in Sykes and James], stripping us of any

9

authority to hold otherwise."); United States v. Gore, 636 F.3d 728, 742 (5th Cir. 2011), cert. denied, 132 S. Ct. 1633 (2012); see also United States v. Hudson, 673 F.3d 263, 268 (4th Cir.) (rejecting vagueness challenge because it was not raised in the defendant's opening brief and because "the Supreme Court has consistently declined to find the residual clause void for vagueness"), cert. denied, 133 S. Ct. 207 (2012).

Accordingly, a "prior conviction for vehicle flight in violation of Fla. Stat. § 316.1935(2) qualifies as a violent felony under the [ACCA]," Petite, 703 F.3d at 1301, and it is undisputed that Gandy was convicted in violation of Fla. Stat. § 316.1935(2). In light of Gandy's past convictions for at least three violent felonies, the district court did not err in sentencing Gandy under the ACCA.[6]

## II.

Gandy also argues that the district court erred by sentencing him to the mandatory minimum 15 years in prison after he was erroneously advised by the prosecutor and the magistrate judge that the maximum penalty for his offense would be 10 years in prison. At Gandy's sentencing hearing, the district court

---

[6] Because we hold that these three offenses qualify as violent felonies under the ACCA, we need not determine whether the documents relied on by the district court regarding Gandy's conviction for burglary of a structure were appropriate under Shepard, 544 U.S. 13, 125 S. Ct. 1254. Additionally, we need not address the government's arguments that additional convictions qualify as violent felonies under the ACCA.

noted that Gandy had entered his plea with the understanding, based on representations by the government and the magistrate judge, that the maximum sentence for his offense was 10 years' imprisonment.  The district court thoroughly explained that this was an error and that, if Gandy were sentenced under the ACCA, the mandatory minimum sentence would be 15 years.  The district court asked Gandy if he had any questions—he responded no—and then asked if he would like to enter into the same guilty plea at that time.  The district court offered to take a break in the proceedings to permit Gandy and his attorney to discuss the matter, but Gandy stated that he had already spoken with his attorney about the matter and that he did not wish to withdraw his guilty plea.  The district court then asked him an additional time if he understood the mandatory minimum sentence, as well as the maximum sentence, if he were sentenced under the ACCA; Gandy again indicated that he understood, and the district court continued with the sentencing proceeding.

We review for plain error the district court's compliance with Federal Rule of Criminal Procedure Rule 11 where the defendant did not attempt to withdraw his plea before the district court.  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).  In order to show plain error, a defendant must demonstrate that (1) error existed, (2) the error was plain, (3) the error affected his substantial

11

rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Id. A plain error is an error that is obvious and clear under current law. United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).

Federal Rule of Criminal Procedure Rule 11 "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000). That inquiry "must address three core concerns underlying Rule 11: '(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" Id. (quoting United States v. Jones, 143 F.3d 1417, 1418-19 (11th Cir. 1998)). Failure to address any of these concerns will amount to plain error. Id. However, a variance from the requirements of Rule 11 is harmless error if it does not affect substantial rights, see Fed. R. Crim. P. 11(h); United States v. Dominguez Benitez, 542 U.S. 74, 80, 124 S. Ct. 2333, 2338 (2004), and "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he

12

would not have entered the plea," Moriarty, 429 F.3d at 1020 (quoting Dominguez Benitez, 542 U.S. at 83, 124 S. Ct. at 2340) (internal quotation marks omitted).

Although Gandy characterizes the issue as a breach of a plea agreement, the prosecutor's mistaken representations were not an enforceable contract, as there was no written agreement, and there is no indication in the record, nor does Gandy assert, that the prosecutor agreed to make a sentencing recommendation. However, because the magistrate judge failed to inform Gandy of the correct mandatory minimum sentence for his offense, it failed to address Gandy's knowledge and understanding of the consequences of his guilty plea—a core concern of Rule 11. Although this was obvious error, it was harmless error as it does not affect Gandy's substantial rights. See id. After stating that he had discussed the matter with his attorney, and after he was informed of the actual consequences of his guilty plea by the district court, Gandy declined to withdraw his plea. Gandy cannot "show a reasonable probability that, but for the error, he would not have entered the plea." See id. Accordingly, Gandy has failed to establish plain error. In any event, the district court was bound to apply the statutory mandatory minimum sentence to Gandy. See, e.g., United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007).

For the foregoing reasons, we affirm Gandy's sentence.

13

AFFIRMED.[7]

---

[7]    This appeal was originally scheduled for oral argument, but under 11th Circuit Rule 34–3(f) it was removed from the oral argument calendar.