[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14842
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20007-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORNOY SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 9, 2013)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Flornoy Smith appeals his sentence of 180 months of imprisonment under

the Armed Career Criminal Act following his plea of guilty to being a felon in

possession of a firearm and ammunition.  18 U.S.C. §§ 922(g)(1), 924(e).  Smith argues that his prior conviction in a Florida court for fleeing and eluding a police officer, Fla. Stat. § 316.1935(2), did not qualify as a violent felony under the Act. Smith also argues, for the first time, that the district court violated his rights under the Fifth and Sixth Amendments by sentencing him as an armed career criminal based on prior convictions that were neither charged in his indictment nor admitted by him.  We affirm.

The district court did not err in classifying Smith's prior conviction as a violent felony.  Smith's presentence investigation report classified as a violent felony his prior conviction for "willfully flee[ing] or attempt[ing] to elude a law enforcement officer in an authorized [and marked] law enforcement patrol vehicle[] . . .with [its] siren and lights activated."  Fla. Stat. §  316.1935(2).  After Smith objected to the classification, the government acknowledged that a person could violate the statute by pedestrian flight, but argued that certified copies of Smith's judgment of conviction and charging document proved that he fled using a vehicle.  Those documents established that Smith entered a plea of guilty to an information charging that he, "as an operator of a motor vehicle, did unlawfully and willfully flee or attempt to elude a law enforcement officer . . . in violation of [§] 316.1935(2)."  And the district court correctly relied on the certified documents to determine the nature of Smith's offense.  See Shepard v. United States, 544 U.S.

2

13, 26, 125 S. Ct. 1254, 1263 (2005); United States v. Gandy, 710 F.3d 1234, 1237 (11th Cir. 2013).  While Smith's case was pending on appeal, we held in United States v. Petite, 703 F.3d 1290 (11th Cir. 2013), that a "prior conviction for vehicle flight in violation of Fla. Stat. § 316.1935(2) qualifies as a violent felony under the Armed Career Criminal Act."  Id. at 1301.  Under Petite, the district court did not err in treating Smith's prior conviction as a predicate offense.

The district court also did not err, much less plainly err, in enhancing Smith's sentence based on his prior convictions.  Smith acknowledges that his argument about the violation of his constitutional rights is foreclosed by the decision of the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998).  "[W]e are bound by Almendarez–Torres until it is explicitly overruled by the Supreme Court."  United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006).

We **AFFIRM** Smith's sentence.