[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13141
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00514-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff –Appellee,

versus

MARIO A. RIVAS,

Defendant –Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 7, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Mario Alberto Rivas appeals his 180-month sentence after pleading guilty to

one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §

922(g)(1) and receiving a sentence enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  On appeal, Rivas argues that: (1) his prior convictions under the Florida fleeing and eluding statute did not qualify as violent felonies under the ACCA; (2) the district court erred in classifying one prior conviction under the Florida fleeing and eluding statute as a violent felony under the ACCA where that conviction was not charged in his indictment, in light of Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013); and (3) the district court should not have classified his prior Florida burglary convictions as violent felonies under the ACCA because the Florida burglary statute is indivisible in light of Descamps v. United States, 570 U.S. ___, 133 S.Ct. 2276 (2013), and his burglary convictions did not constitute generic burglaries under the ACCA. After careful review, we affirm.

We review de novo whether a particular prior conviction qualifies as a violent felony under the ACCA.  United States v. Petite, 703 F.3d 1290, 1292 (11th Cir.), cert. denied, 134 S.Ct. 182 (2013).  We review sentencing objections based on Alleyne that were not preserved before the district court for plain error.  United States v. McKinley, 732 F.3d 1291, 1295-96 (11th Cir. 2013).  This standard requires that "(1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights, and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings."  United States v.

2

Pantle, 637 F.3d 1172, 1174 (11th Cir. 2011) (quotation omitted).  We are bound to follow the decisions of the Supreme Court unless and until those decisions are overruled.  See United States v. Gandy, 710 F.3d 1234, 1237 n.3 (11th Cir.), cert. denied, 134 S.Ct. 304 (2013).  We also must follow the holding of a prior panel of this Court "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

First, we are unconvinced by Rivas's argument that his prior convictions did not qualify as violent felonies under the ACCA.  A defendant is a "career offender" under 18 U.S.C. § 924(e) if at the time of his instant offense of conviction he has "three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ."  18 U.S.C. § 924(e)(1).  Under the ACCA, a "violent felony" is one that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B).

In Petite, we held that a simple fleeing and eluding conviction under Florida's fleeing and eluding statute is categorically a violent felony under the ACCA because there is an inherent risk of violence in using a vehicle to flee and elude a police officer.  703 F.3d at 1296, 1300-01.  Using a vehicle to flee shows a

3

"determination to elude capture," in defiance of law enforcement, that "makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense." Sykes v. United States, 564 U.S. ___, ___, 131 S.Ct. 2267, 2273 (2011). Beyond posing serious and substantial risks, we also determined that the risks posed by simple vehicle flight are similar in degree of danger to the risks of arson and burglary. Petite, 703 F.3d at 1295-96; Sykes, 131 S.Ct. at 2274 (noting that vehicle flight actually "presents more certain risk as a categorical matter than burglary"). Accordingly, "any form of intentional vehicle flight from a police officer presents powerful risks comparable to those presented by arson and burglary." Petite, 703 F.3d at 1296 (emphasis omitted).

Here, Rivas has been convicted of fleeing to elude under Florida's fleeing and eluding statute twice. We've already held, in Petite, that acts of fleeing and eluding pose serious and substantial risks of danger. 703 F.3d at 1295-96. Petite has not been overruled or undermined to the point of abrogation, so we are bound by our decision. Archer, 531 F.3d at 1352. Therefore, the district court did not err when it found that Rivas's convictions for fleeing to elude qualified as violent felonies under the ACCA.

We are also unpersuaded by Rivas's claim that the district court plainly erred under Alleyne. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that a prior conviction is not a fact that must be alleged in

4

the indictment or found by a jury beyond a reasonable doubt. Id. at 239-47. The Supreme Court's subsequent decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), did not disturb the holding of Almendarez-Torres. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

In Alleyne, the Supreme Court overturned Harris v. United States, 536 U.S. 545 (2002), and held that any factor that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury. Alleyne, 133 S.Ct. at 2155. Alleyne, however, did not address prior-conviction sentencing enhancements. Instead, the Supreme Court explicitly stated that it was not revisiting the "narrow exception to this general rule for the fact of a prior conviction." Id. at 2160 n.1. As the Supreme Court has yet to overrule Almendarez-Torres, we continue to follow that case as binding precedent. See United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001) (noting that we are "bound to follow Almendarez-Torres unless and until the Supreme Court itself overrules that decision").

Here, the district court did not plainly err when it determined that Rivas's fleeing and eluding conviction that was not charged in his indictment qualified as a violent felony under the ACCA. Alleyne expressly left Almendarez-Torres undisturbed, and we are bound to follow Almendarez-Torres as binding precedent.

<u>Alleyne</u>, 133 S.Ct. at 2160 n.1.;  <u>Almendarez-Torres</u>, 523 U.S. at 239-47; <u>Thomas</u>, 242 F.3d at 1035.  Therefore, Rivas's prior conviction for fleeing and eluding did not need to be charged in his indictment in order to qualify as a violent felony under the ACCA.

Finally, because we've found no error in the district court's conclusion that Rivas's two fleeing and eluding convictions and his uncontested federal drug crime conviction qualify as violent felonies, these three convictions are sufficient for purposes of the ACCA and the district court did not err in sentencing Rivas as an armed career criminal.  Moreover, we need not address his argument concerning a fourth conviction -- that Florida's burglary statute is overbroad.  Accordingly, we affirm.

**AFFIRMED.**