[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13329
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00002-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

DONALD LEE PHELPS,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 10, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Donald Lee Phelps appeals his conviction for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (2) ("Count 2").  On appeal, Phelps argues that: (1) the district court violated Fed.R.Crim.P. 11 and committed reversible error because he was not informed in the plea agreement or at the plea colloquy that Count 2 carried a mandatory minimum two-year sentence; and (2) reversal cannot be avoided based on his failure to object to the presentence investigation report ("PSI") because the PSI did not clearly explain that the two-year sentence was the mandatory minimum.  After careful review, we affirm.

We review a district court's compliance with Fed.R.Crim.P. 11 for plain error where the defendant did not try to withdraw his plea before the district court. United States v. Gandy, 710 F.3d 1234, 1240 (11th Cir.), cert. denied, 134 S.Ct. 304 (2013).  In order to establish plain error, a defendant must show: (1) error (2) that is plain and (3) affects substantial rights.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  If all three conditions are met, then we may exercise our discretion to correct an error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.  We may review the entire record to determine whether any error affected a defendant's substantial rights. United States v. Moriarty, 429 F.3d 1012, 1020 n.4 (11th Cir. 2005).  When

2

a defendant "seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, [he] must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

A guilty plea must be given knowingly and voluntarily. United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). To this end, the district court must address the defendant in open court to ensure that he understands the consequences of his plea. See Fed.R.Crim.P. 11(b)(1) and (2); Moriarty, 429 F.3d at 1019. The consequences of a guilty plea include "any mandatory minimum penalty." Fed.R.Crim.P.11(b)(1)(I). We have held that compliance with Fed.R.Crim.P. 11 is mandatory, but failure to advise a defendant of certain information contained in Fed.R.Crim.P. 11(b)(1) does not necessarily require reversal. Moriarty, 429 F.3d at 1019-20.

A technical defect does not affect a defendant's substantial rights as long as the three "core concerns" of Fed.R.Crim.P. 11 are satisfied. United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003). These concerns are: (1) that the guilty plea was voluntary; (2) that the defendant understood the nature of the charges; and (3) that the defendant understood the consequences of his plea. Id. at 1354. A district court's failure to advise a defendant during a plea colloquy that he faced a mandatory minimum sentence is error. See United States v. Brown, 586

3

F.3d 1342, 1346 (11th Cir. 2009) (analyzing a maximum term of supervised release). Such a failure does not affect a defendant's substantial rights when his PSI listed the correct sentence, and he failed to object to the PSI or to the sentence imposed. United States v. Bonilla, 579 F.3d 1233, 1239 (11th Cir. 2009).

We recognize that the district court erred in this case because Phelps was not informed in the plea agreement or at the plea colloquy that Count 2 carried a mandatory minimum sentence. Nevertheless, the district court's error did not affect Phelps's substantial rights nor does it affect the fairness or integrity of our judicial proceedings. The PSI clearly provided that for Count 2, the term of imprisonment, which was required by statute, was "two years, pursuant to 18 U.S.C. § 1028A(a)(1)," and again noted that a "consecutive two years of imprisonment [was] statutorily required as to Count 2." Notably, Phelps never objected to the PSI or to the sentence as to Count 2. Therefore, his substantial rights were not affected. Bonilla, 579 F.3d at 1239. Furthermore, Phelps argued in his sentencing memorandum and at the sentencing hearing that a total sentence that included a two-year consecutive sentence for Count 2 would be sufficient and adequate. Thus, on this record, there is no indication that Phelps would not have pleaded guilty to Count 2 had he known that the two-year sentence was required. Dominguez Benitez, 542 U.S. at 83.

**AFFIRMED.**

4