[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14491
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00003-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PEREZ,
a.k.a. Clownface,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 18, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Michael Perez appeals his 300-month sentence imposed after a jury found him guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e).  Perez contends the district court erred by classifying him as an armed career criminal because his prior conviction for resisting an officer with violence was not a "violent felony" under 18 U.S.C. § 924(e).  Perez further asserts that, even if his classification as an armed career criminal was proper, the district court nevertheless committed plain error in calculating his applicable Guidelines range.  After review,[1] we affirm in part, and vacate and remand in part.

## I.  Armed Career Criminal

Under § 924(e), a defendant is subject to an enhanced sentence if he has three prior convictions for a "violent felony."  18 U.S.C. § 924(e).  The term "violent felony" is defined, in part, as any crime punishable by imprisonment for a term exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that

---

[1] We review *de novo* whether a defendant's prior conviction qualifies as a "violent felony" under 18 U.S.C. § 924(e).  *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006).  We review sentencing calculation issues raised for the first time on appeal for plain error.  *Id.*  "This standard requires that there be error, that the error be plain, and that the error affect a substantial right."  *Id.*  A substantial right is affected if the appealing party can show a reasonable probability of a different result without the error.  *Id.* at 831-32.  "If these three conditions are met, then we may exercise our discretion to notice the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 832.

presents a serious potential risk of physical injury to another." 18 U.S.C.
§ 924(e)(2)(B).

The district court did not err in classifying Perez as an armed career criminal as our prior precedent forecloses Perez's argument that his prior conviction for resisting an officer with violence was not a violent felony. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (stating "we are bound to follow a prior binding precedent unless or until it is overruled by this Court en banc or by the Supreme Court" (quotations omitted)). First, in *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir.), *cert. denied*, 133 S. Ct. 248 (2012), we held that a conviction for resisting an officer with violence constituted a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). Second, in *United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010), we held that a conviction for resisting an officer with violence also constituted a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii). Third, in *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir.), *cert. denied*, 134 S. Ct. 304 (2013), we rejected the argument that 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Applying the prior precedent rule, the district court was bound by *Romo-Villalobos*, *Nix*, and *Gandy* to overrule Perez's objection. Accordingly, we affirm as to this issue

## II. Guidelines Calculation

The base offense level for an armed career criminal is the *greatest* of:
(1) the offense level applicable from Chapters Two and Three of the Guidelines,
(2) the offense level from § 4B1.1 of the Guidelines, (3) 34, if the defendant used
or possessed the firearm in question in connection with a crime of violence, or a
controlled substance offense, or if the firearm possessed was of a type described in
26 U.S.C. § 5845(a); or (4) 33, otherwise.  U.S.S.G. § 4B1.4(b)(1-3).

Perez's applicable offense level from Chapters Two and Three of the
Guidelines was below 33.  Additionally, § 4B1.1 of the Guidelines did not apply to
Perez because his conviction of felon in possession of a firearm was not, in itself, a
crime of violence.  U.S.S.G. § 4B1.1(a).  Accordingly, Perez's base offense level
of 34 was determined under U.S.S.G. § 4B1.4(b)(3).  Because he had no
adjustments, the total offense level was calculated as 34.

At sentencing, the Government conceded that Perez's second degree murder
charge was pending and, therefore, would not present evidence connecting Perez's
firearm possession with that charge.  The district court then struck from the
presentence investigation report those facts suggesting that the firearm was used in
connection with second degree murder, and thus eliminated the four-level increase
under U.S.S.G. § 2K2.1 on that basis.  It went unnoticed by the district court and
the parties, however, that the alleged murder was also used to assign an offense

4

level of 34 under U.S.S.G. § 4B1.4(b)(3)(A).  As the facts presented at sentencing did not connect Perez's possession of the firearm with the second degree murder, a crime of violence, his base offense level should have been 33.  U.S.S.G. § 4B1.4(b)(3)(B).  This miscalculation of the offense level was plain error.  *See United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006).

A total offense level of 34, combined with a criminal history category of VI, produced a Guidelines range of 262 to 327 months.  U.S.S.G. Ch. 5 Pt. A.  Had Perez been sentenced at the correct total offense level of 33, the Guidelines range would have been 235 to 293 months.  *Id.*  Perez's sentence of 300 months' imprisonment is near the middle of the Guidelines range for a total offense level of 34, but above the upper limit of the Guidelines range for a total offense level of 33. *Id.*  Because the district court sentenced in the middle of the Guidelines range and did not indicate that it would vary upward, there is a reasonable probability the district court would have sentenced Perez differently had it used the correct total offense level of 33.  *Bennett*, 472 F.3d at 834.  The offense level miscalculation, therefore, affected Perez's substantial rights.  *Id*.  Under these circumstances, Perez has shown the plain error that substantially affected his rights also seriously affected the fairness, integrity, or public reputation of the judicial proceedings in this case.  *Id*.  Thus, the district court plainly erred in using a total offense level of

34 instead of a total offense level of 33.[2]  Accordingly, we vacate in part and remand for further proceedings.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

---

[2]  The Government concedes the district court committed plain error in calculating Perez's offense level.