[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15184
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80105-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANA E. TUOMI,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 27, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Dana Tuomi appeals his 132-month sentence, imposed below the advisory guideline range of 151 to 188 months, after pleading guilty, pursuant to a written plea agreement, to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). After review, we affirm.

I.

Defendant argues for the first time on appeal that the residual clause of the career offender enhancement, pursuant to U.S.S.G. § 4B1.2(a)(2), that was used to enhance his sentence based on his prior convictions, is unconstitutionally vague. Generally, we review a constitutional sentencing issue *de novo*, provided the objection was raised in the district court. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008). However, because Defendant failed to challenge the constitutionality of the residual clause below, we review this claim only for plain error. *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013). Therefore, in order to prevail, Defendant must demonstrate that there was error, the error was plain, the error affects his substantial rights, and the error seriously affects the fairness, integrity, or reputation of the judicial proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

In *United States v. Gandy*, we expressly held that the residual clause of the Armed Career Criminal Act ("ACCA") is not unconstitutionally vague. 710 F.3d 1234, 1239 (11th Cir. 2013), *cert denied*, 134 S. Ct. 304 (2013). We have since

2

applied our holding in *Gandy* to claims concerning the residual clause in the career offender enhancement, since the residual clauses in these two provisions are virtually identical.  *United States v. Travis*, 747 F.3d 1312, 1314 n.1 (11th Cir. 2014) (noting that the argument that the career offender guideline residual clause is unconstitutionally vague is foreclosed by this Court's decision in *Gandy*), *cert. denied*, 135 S. Ct. 148 (2014); *see also Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (*en banc*) (noting that this Court has held that the residual clauses in the ACCA and career offender provision are "virtually identical" "so that decisions about one apply to the other").  Accordingly, Defendant has shown no error, plain or otherwise, as his argument is squarely foreclosed by our decision in *Gandy*.  And, "[w]e are bound by prior precedent decisions unless or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court."  *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011).

## II.

Defendant also argues on appeal that the district court erred by applying the career offender enhancement because the prior convictions used as the predicate offenses for the enhancement were not alleged in the charging information.  Because Defendant raised this objection in the district court, we review this constitutional issue *de novo*.  *See Steed*, 548 F.3d at 978.

In *Almendarez-Torres v. United States*, the Supreme Court held that a defendant's prior convictions could be considered and used to enhance a defendant's sentence without having been alleged in the indictment or proven beyond a reasonable doubt.   523 U.S. 224, 226-27 (1998).  This holding still stands, and "we are bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision."  *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001).  Accordingly, we conclude that the district court did not err when it relied on prior convictions not alleged in the charging information to enhance Defendant's sentence.

For these reasons, Defendant's sentence is **AFFIRMED.**