[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14930
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00029-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR CARL DARLING, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 29, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Edgar Carl Darling, III appeals his conviction and 200-month sentence for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1]  Darling challenges the denial of his motion to suppress the firearm as well as his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  After review, we affirm Darling's conviction and sentence.

## I.  BACKGROUND

### A.    Offense Conduct

On February 11, 2014, the owner of Darling's apartment complex saw Darling holding a gun and arguing with another man.  The owner called 911, identified himself, and told the dispatcher that a black male wearing a brown shirt and jeans was chasing people with a gun in the area of the apartment complex. The owner reported that the man had pulled out onto Levy Avenue in a brown Buick, heading east toward Lake Bradford Road.

Tallahassee Police Department Officer Trent Sexton responded to the 911 call.  Within two minutes, Officer Sexton observed a brown Buick stopped at a red light at the intersection of Levy Avenue and Lake Bradford Road, 0.29 miles from Darling's apartment complex.  The Buick, though not in the left turn lane, had its left turn signal on and its tires turned to the left.  The black male sitting in the front

---

[1]Pursuant to a written plea agreement, Darling entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress.

passenger seat of the Buick, later identified as Darling, was wearing a brown shirt. Darling appeared extremely nervous, refused to make eye contact with Officer Sexton, and was sweating heavily.

The Buick deactivated its left turn signal and, after approximately 30 seconds, turned right onto Lake Bradford Road and pulled into a gas station. Officer Sexton followed and conducted a traffic stop. After Officers Murphree and Johnson arrived as backup, Darling and the female driver were handcuffed and secured. While doing a pat-down, Officer Murphree asked Darling if he had any weapons on him, to which Darling replied "[n]ot on me, no."

Officers Murphree and Johnson conducted a protective sweep of the Buick to make sure that there were no other people inside of the car. Officer Murphree then reported to Officer Sexton that Darling had said "there was somebody chasing him with a gun." Believing he had probable cause based on the "nature of the call [and] the gun that was involved," Officer Sexton searched the Buick. The search revealed a loaded gun in the center console between the front seats.

## B.    Darling's Motion to Suppress

Darling moved to suppress the gun as seized in violation of the Fourth Amendment, because the officers did not have a reasonable suspicion to stop the car or probable cause to search the car. On July 14, 2014, following a suppression

3

hearing, the district court denied Darling's motion to suppress as to the stop and search of the car.

At the hearing, the district court specifically found Officer Sexton's testimony to be credible. The district court stated that Officer Sexton had a reasonable suspicion to stop the car based on the "totality of the circumstances—the vehicle, the location, the timing, the identity of the individual, the clothing he was wearing, combined with the other suspicious circumstances, the way they were executing the turn, their reaction to the officer when they first spotted him and he first spotted them."

In addition to these factors, the district court pointed to Darling's statement that he was being chased by someone with a gun as supporting a finding of probable cause. Darling's statement corroborated the information given on the 911 call and linked him "back to the very episode for which the vehicle was being stopped." Thus, the district court found that the officers had probable cause to search the car and look for the gun.

## C.    Sentencing

The presentence investigation report ("PSI") concluded that Darling qualified for an ACCA sentencing enhancement because he had at least three prior convictions for violent felonies or serious drug offenses. Darling was convicted of the following ACCA-qualifying Florida offenses: two convictions for sale of

4

cocaine in 1988; robbery in 1989; sale of cocaine within 1000 feet of a school in 1990; two convictions for sale of cocaine in 1992; sale of cocaine in 2002; and resisting a police officer with violence and battery of an officer in 2005.

As an armed career criminal, Darling received a total offense level of 31 (after a two-level reduction for acceptance of responsibility) and a criminal history category of VI, which yielded an advisory guidelines range of 188 to 235 months' imprisonment.

Relevant to this appeal, Darling objected to the PSI's classification of his 2002 conviction for sale of cocaine as an ACCA predicate offense because Florida Statutes § 893.13 does not require an element of mens rea regarding the illicit nature of the controlled substance.

At the sentencing hearing, the district court overruled Darling's objections and found his advisory guidelines range was 188 to 235 months as set forth in the PSI. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Darling to 200 months' imprisonment. Darling timely appealed.

## II. DISCUSSION

A.    **Motion to Suppress**

5

On appeal, Darling argues that the district court erred in denying his motion to suppress the gun because the officers did not have either a reasonable suspicion to stop the car or probable cause to search the car. We must disagree.[2]

The traffic stop was based on a non-anonymous 911 report of an armed man, corroborated by the timing, location, direction of travel, and description of the car and its occupants. These circumstances, combined with Darling's visible nervousness and refusal to make eye contact, gave Officer Sexton reason to suspect that Darling had been involved in criminal activity. See United States v. Williams, 619 F.3d 1269, 1271 (11th Cir. 2010) (requiring an officer to have, based on the totality of the circumstances, a "particularized and objective basis for suspecting wrongdoing" to justify a stop).

Furthermore, under the totality of the circumstances, there was more than a fair probability that a gun would be found inside of the car. See United States v. Lopez, 649 F.3d 1222, 1245 (11th Cir. 2011) (explaining that probable cause for a search exists when there is a fair probability that contraband or evidence of a crime will be found in the place to be searched). The facts surrounding the traffic stop, along with the absence of a gun on Darling's person, would lead a reasonably prudent person to believe that the gun was in the car. See id.

---

[2]In reviewing the district court's denial of a motion to suppress, we review the court's findings of fact for clear error and its application of law to those facts de novo. United States v. Yeary, 740 F.3d 569, 579 n.25 (11th Cir. 2014).

6

We reject Darling's argument that the district court erroneously relied on his purportedly involuntary statement about being chased by someone with a gun to find the existence of probable cause.[3]  We need not reach that issue because, even absent Darling's statement, ample evidence in the record supports concluding that the officers had probable cause to search the car.  See United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010) ("[W]e may affirm the denial of a motion to suppress on any ground supported by the record.").  Accordingly, the district court did not err in denying Darling's motion to suppress.

## B.    ACCA

Darling's challenge to the district court's application of an enhanced sentence under the ACCA is likewise without merit.[4]

The ACCA imposes a mandatory minimum sentence of 15 years' imprisonment for a § 922(g) conviction if the defendant has three prior convictions

---

[3]The parties dispute whether this statement was suppressed.  Darling did move to suppress the statements he made in response to questioning by the officers as obtained in violation of the Fifth Amendment.  The motion stated that after Officer Sexton searched the car, Officer Murphree questioned Darling about the gun found in the console.  Darling responded that he was forced to disarm another man who had charged toward him with a gun.  The government agreed not to offer these post-search statements, but contended that Darling's prior statement (before the search) about being chased was voluntary and not made in response to questioning.  In granting the unopposed motion, the district court excluded from evidence "the statements made by Mr. Darling when he was questioned without the benefit of Miranda," but did not elaborate.  On appeal, the government argues that this statement before the search was not excluded because it was voluntary, but Darling disputes that position.

[4]We review the district court's application of the ACCA enhancement de novo.  See United States v. Gandy, 710 F.3d 1234, 1236 (11th Cir. 2013).

for serious drug offenses or violent felonies that were committed on different occasions. 18 U.S.C. § 924(e)(1). Here, the district court's ACCA enhancement was proper because Darling's six prior Florida convictions for sale of cocaine qualify as "serious drug offenses" under the ACCA.[5] See United States v. Smith, 775 F.3d 1262, 1267-68 (11th Cir. 2014), cert. denied, ___ S. Ct. ___, No. 14-9713, 2015 WL 2233939 (June 8, 2015). As Darling concedes in his brief, his arguments are foreclosed by the law of this circuit.

For these reasons, we affirm Darling's conviction and sentence.

**AFFIRMED.**

---

[5]The Supreme Court's recent decision in Johnson v. United States, 576 U.S. ___, ___ S. Ct. ___, No. 13-7120, 2015 WL 2473450 (June 26, 2015), which struck down the ACCA's residual clause as unconstitutionally vague, has no bearing on Darling's sentence because he had more than three predicate convictions for "serious drug offenses" as defined in 18 U.S.C. § 924(e)(2)(A)(ii). His predicate convictions were not based on qualifying under the residual clause.