**Darryl Tyrone REPRESS,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 17-10844**
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(October 13, 2017)

Brenda Greenberg Bryn, Federal Public Defender's Office, Fort Lauderdale, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Petitioner-Appellant

Robert Benjamin Cornell, U.S. Attorney's Office, Fort Lauderdale, FL, Nicole D. Mariani, Aileen Cannon, Wifredo A. Ferrer, Daya Nathan, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Respondent-Appellee

Before HULL, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Darryl Tyrone Repress, a federal inmate, appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate. Specifically, Repress argues that the district court erred in concluding that his 1982 and 1983 Florida convictions for robbery with a firearm qualified as Armed Career Criminal Act ("ACCA") predicates notwithstanding the Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Because binding circuit precedent forecloses Repress's arguments on appeal, we affirm.

I.

Repress was convicted in 2005 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Among other convictions, Repress had two prior convictions for robbery with a firearm (in 1982 and 1983), a conviction for attempted first degree murder, and a conviction for possession with intent to deliver cocaine, all under Florida law. His presentence investigation report ("PSI") stated that Repress was subject to an enhanced sentence under ACCA, which requires a minimum 15-year prison sentence whenever a § 922(g) defendant has three prior "violent felony" or serious drug convictions. *See* 18 U.S.C. § 924(e).

At the time of Repress's sentencing, ACCA provided three definitions of "violent felony." The "elements clause" covered any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The next subsection in the statute contained the other two definitions. *See id.* § 924(e)(2)(B)(ii). That subsection defined "violent felony" as any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words made up the "enumerated crimes clause," and the last 13 comprised the "residual clause."

The district court adopted the PSI and sentenced Repress as an Armed Career Criminal to 188 months' imprisonment.[1]

---

1. Neither the PSI nor the record at sentencing indicates which definition of "violent felony" encompassed Repress's convictions for robbery with a firearm and attempted first degree murder. On appeal, neither party addresses Repress's attempted first degree mur-

Repress's direct appeal was dismissed as untimely. After that appeal was dismissed, the Supreme Court decided *Johnson*, in which it struck ACCA's residual clause definition of "violent felony" as unconstitutionally vague. 135 S.Ct. at 2563; *see also Welch v. United States*, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (explaining that *Johnson*'s holding is retroactively applicable to cases on collateral review). Repress then filed the instant § 2255 motion, arguing that his ACCA-enhanced sentence was unlawful because under *Johnson* his 1982 and 1983 Florida convictions for robbery with a firearm no longer qualified as violent felonies. The district court denied his motion, determining that the convictions qualified under ACCA's elements clause and therefore were unaffected by *Johnson*'s rule, but granted him a certificate of appealability.

This is Repress's appeal.

## II.

"In a section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999). A district court's determination that a conviction qualifies as a violent felony under ACCA is a legal conclusion, which we review *de novo*. *United States v. Gandy*, 710 F.3d 1234, 1236 (11th Cir. 2013).

## III.

Repress's sole argument on appeal is that the district court erred in denying his § 2255 motion on the ground that his Florida convictions for robbery with a firearm qualify as ACCA predicates notwithstanding *Johnson*. For the reasons that follow, we conclude that the district court did not err.

Under Florida law at the time of Repress's convictions, robbery was defined as "the taking of money or other property which may be the subject of a larceny from the person or custody of another by force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1) (1981). A robbery was a first degree felony "[i]f in the course of committing the robbery the offender carried a firearm or other deadly weapon." *Id.* § 812.13(2)(a). The district court denied Repress's claim based on *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006), which held without explanation that a 1974 Florida conviction for robbery with a firearm qualified as a violent felony under ACCA's elements clause. The 1974 Florida robbery statute contained the same definition of robbery and enhancement for robbery with a firearm as the 1981 version under which Repress was convicted. *See* Fla. Stat. § 812.13(1), (2)(a)(1974).

After the district court denied Repress's § 2255 motion, this Court held, in *United States v. Fritts*, that *Dowd* remained binding circuit precedent. 841 F.3d 937, 939-40 (11th Cir. 2016) (explaining that *Dowd* had not been undermined by *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013)), *cert. denied*, —— U.S. ——, 137 S.Ct. 2264, 198 L.Ed.2d 703 (2017). We are bound to follow *Dowd* and *Fritts* "unless and until [they are] overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

der conviction; therefore, we do not either. Indeed, because we conclude his robbery convictions qualify as ACCA predicate offenses, and the parties do not dispute that Repress's drug conviction qualifies as a predicate, it is immaterial whether his attempted first degree murder conviction qualifies.

Repress contends that *Dowd* and *Fritts*, as well as other cases construing Florida's robbery statutes, failed to answer whether his 1982 and 1983 robbery with a firearm convictions remain ACCA predicates after *Johnson*. We disagree: *Dowd*, by construing the same statutory definition of robbery with a firearm as the one under which Repress was convicted, answered that question. And although it may have been arguable when Repress filed his § 2255 motion whether *Dowd* remained good law, *Fritts* settled that question. Repress asserts that *Dowd*, *Fritts*, and other decisions construing Florida's robbery statute failed to account for vagaries of state law or consider additional reasons why a conviction for robbery with a firearm should not qualify as a predicate under ACCA's elements clause. Even assuming Repress is correct, we are bound to follow *Dowd* and *Fritts*. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1301-04 (11th Cir. 2001) (explaining that our prior panel precedent binds subsequent panels even if the prior panel overlooked reasons brought to the subsequent panel's attention and regardless of whether the subsequent panel agrees with the prior panel's result).

For these reasons, we conclude that the district court rightly held that Repress's convictions for robbery with a firearm qualified as ACCA predicates him for an ACCA-enhanced sentence. We affirm.

**AFFIRMED.**