[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12171
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00623-VMC-CPT-1


UNITED STATES OF AMERICA,

                                        Plaintiff–Appellee,

versus

HARVEY LEE BASS,
a.k.a. Gold,

                                        Defendant–Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 16, 2020)

Before JORDAN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Harvey Lee Bass appeals his conviction for conspiracy to possess with intent to distribute cocaine, oxycodone, and marijuana, as well as the accompanying forfeiture order. Bass argues that the district court plainly erred in accepting his guilty plea because the magistrate judge's cursory explanation of the forfeiture provisions of the plea agreement, the magistrate judge's failure to inquire into whether the government was seeking forfeiture, and the plea agreement's omission of any specific forfeitable property rendered his plea with respect to that provision unknowing and involuntary. He also argues that the district court plainly erred in entering the amended final forfeiture order for $240,000 because the government failed to support its proposed forfeiture amount with competent evidence at sentencing.

Bass did not object before the district court to the voluntariness of his plea. Additionally, Bass's plea agreement contained an appeal waiver, largely barring appeal of his sentence. We conclude that the district court did not plainly err in accepting Bass's guilty plea with respect to the forfeiture clause. We further conclude that Bass's appeal waiver is valid; therefore, his challenge to the district court's forfeiture order is barred. We affirm.

## I.    BACKGROUND

Bass was charged with one count of conspiracy to possess with intent to distribute cocaine, oxycodone, and marijuana, in violation of 21 U.S.C. §§ 846,

2

841(b)(1)(B), and 841(b)(1)(C) (Count One), and one count of possession with intent to distribute and distribution of fentanyl that resulted in the death of a third party, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two).  Bass pled guilty to Count One in exchange for the government's promise to move to dismiss Count Two at sentencing.  Bass's plea agreement contained a voluntary forfeiture clause.  It also contained an appeal waiver by which Bass "expressly waive[d] the right to appeal [his] sentence on any ground" save four:  (1) the sentence exceeded the applicable guidelines range as determined by the court, (2) the sentence exceeded the statutory maximum penalty, (3) the sentence violated the Eighth Amendment, or (4) the government appealed the sentence.  Doc. 52 at 16–17.[1]

During the plea colloquy, the magistrate judge confirmed that Bass was of sound mind, understood the nature of the charges against him, had not been coerced into pleading guilty, and understood the rights he was giving up by pleading guilty.[2]  The magistrate judge also ensured that Bass had read the plea agreement and discussed it with his attorney before the hearing.  The magistrate judge then reviewed the plea agreement with Bass, including both the forfeiture clause and the appeal waiver.  The magistrate judge noted that the forfeiture clause

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] Bass waived his right to plead guilty before the district court and instead a magistrate judge took his plea.

3

"states that you agree to forfeit to the government immediately and voluntarily any and all assets and property or portions thereof which are subject to forfeiture under the law," Doc. 116 at 12, and then reviewed several other provisions of the plea agreement. When the magistrate judge asked Bass if he understood those provisions, Bass confirmed that he did.

In discussing the appeal waiver, the magistrate judge informed Bass that he was "largely waiving [his] right to appeal" his sentence and outlined the four events that would allow appellate review. *Id.* at 19. The magistrate judge asked if Bass understood that he was "giving up [his] right to appeal [his] sentence unless one of [those] four events [occurred]." *Id.* Bass responded that he did. Based on Bass's responses during the colloquy, the magistrate judge recommended that the plea be accepted; the district court later accepted the plea.

After Bass's plea was entered, but before his sentencing hearing, the government moved for a forfeiture order in the amount of $285,000 pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). The district court entered an order for that amount. At Bass's sentencing hearing, the government moved to amend the forfeiture order down to $240,000. Bass did not object to the adjustment, and the district court verbally amended the order.

This is Bass's appeal.

4

## II.    DISCUSSION

On appeal, Bass argues that his plea was not knowing, voluntary, and intelligent.  He also contests the validity of the district court's forfeiture order.  We address each argument in turn.

### A.

Bass first argues that his plea was not knowing, voluntary, and intelligent because the magistrate judge did not sufficiently review the forfeiture clause during the plea colloquy, ask the government if it was seeking forfeiture in the case, or identify any specific forfeitable property.  Because Bass did not object before district court to the voluntariness of his plea, we review this claim for plain error.  *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).  Under the plain error standard of review, Bass must show that:  (1) an error occurred, (2) the error was plain, (3) it affected his substantial rights, and (4) it seriously affected the fairness of the judicial proceeding.  *See id.* at 1349–50.  "A plain error is an error that is obvious and clear under current law."  *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013).

Federal Rule of Criminal Procedure 11(b) lists the items a court must address before accepting a defendant's guilty plea, including "any applicable forfeiture."  Fed. R. Crim. P. 11(b)(1)(J); *see also United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (explaining that the district court "is required

5

to inform the defendant" of the "rights and other relevant matters" listed in Rule 11(b)(1) to ensure he "understands the consequences of his plea").  The magistrate judge discussed the plea agreement's forfeiture paragraph with Bass and confirmed that Bass understood.  Bass provides no controlling authority that requires a more detailed discussion of the forfeiture provision to meet the requirements of Rule 11, and we are aware of none.  In the absence of any such authority, there can be no plain error.  Thus, Bass has failed to show that the district court plainly erred in accepting his guilty plea as knowingly, voluntarily, and intelligently made.

## B.

Second, Bass argues that the district court erred in ordering forfeiture in the amount of $240,000 because the plea agreement identified no factual basis for the forfeiture and the government failed to support the amount with competent evidence.  In response, the government argues that this claim is barred by the appeal waiver in Bass's plea agreement.[3]

"We review the validity of a sentence appeal waiver de novo."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  We will enforce a sentence appeal waiver if it is made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  One way to establish that an

---

[3] The government also argues that Bass waived this argument by inviting error when he failed to object to the amended forfeiture amount during his sentencing hearing.  We do not address this argument because Bass's claim is barred by the appeal waiver.

appeal waiver was made knowingly and voluntarily is to show that "the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy." *Id.* at 1351. Based on the transcript of the plea colloquy between Bass and the magistrate judge, we conclude that Bass knowingly and voluntarily waived his right to appeal his sentence. The magistrate judge questioned Bass on the contents of the appeal waiver and confirmed that Bass understood its implications.

Criminal forfeiture is a part of a defendant's sentence. *Libretti v. United States*, 516 U.S. 29, 39 (1995). The district court's forfeiture order is therefore covered by Bass's sentence appeal waiver. Because a challenge to the forfeiture order's factual basis does not fall under one of the four exceptions in the waiver, this argument is barred.

## III.   CONCLUSION

For these reasons, we affirm Bass's conviction and the district court's forfeiture order.

**AFFIRMED**.